# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GARCIA,<br><br>               Plaintiff,<br>  vs.<br>UNITED STATES OF AMERICA;<br>NATIONAL STEEL AND<br>SHIPBUILDING COMPANY; and<br>OILKEEN, INC.,<br><br>               Defendants. | CASE NO. 14cv1192-WQH-JLB<br><br>ORDER |

HAYES, Judge:

     The matter before the Court is the Motion to Dismiss the Second Amended Complaint for Failure to State a Claim for Punitive Damages ("Motion to Dismiss"), filed by Defendant National Steel and Shipbuilding Company ("NASSCO"). (ECF No. 8).

## I.    Background

     On May 12, 2014, Plaintiff Jesus Garcia initiated this action by filing a Complaint in this Court. (ECF No. 1). On May 15, 2014, Plaintiff filed a First Amended Complaint. (ECF No. 4). On May 27, 2014, Plaintiff filed a Second Amended Complaint, which is the operative pleading. (ECF No. 7).

### A.    Allegations of the Second Amended Complaint

     On March 11, 2013, Plaintiff's employer, Ameri-Force Craft Services, Inc., and Defendants NASSCO and Oilkeen, Inc. were providing repair services aboard the United States Navy vessel USS San Diego, which was pierside in navigable waters at Pier 4, Naval Station, San Diego, California. On March 11, 2013, Plaintiff, who was

working as a pipefitter aboard the USS San Diego, suffered severe and disabling injuries when a pressurized hose and cam-lock flange failed and struck him in the head during an oil flush/hydro test on an engine system. "Defendants negligently directed, ordered, caused and allowed said hose and cam-lock flange to be pressurized in excess of their rated limits which caused said hose and cam-lock flange to fail and strike Plaintiff. Defendants negligently failed to intervene and stop said hose and cam-lock flange from being pressurized beyond their rated limits, and this was a further cause of Plaintiff's accident." *Id.* ¶ 9. As a result of Defendants' negligence, Plaintiff suffered permanently-disabling injuries.

"Defendants NASSCO and Oilkeen, Inc. knowingly caused and allowed the aforesaid hose and cam-lock flange to be pressurized above their rated limits in conscious disregard of the safety of Plaintiff Jesus Garcia, therefore they are liable for punitive damages." *Id.* ¶ 16. The Complaint requests damages against all Defendants and punitive damages against NASSCO and Oilkeen, Inc.

### B. Motion to Dismiss

On June 12, 2014, NASSCO filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). NASSCO contends that the Second Amended Complaint fails to allege sufficient facts to support Plaintiff's claim for punitive damages against NASSCO. NASSCO contends that the allegation that NASSCO acted in conscious regard of Plaintiff's safety is conclusory and insufficient to state a claim for punitive damages. NASSCO requests that its Motion to Dismiss be granted without leave to amend.

On July 2, 2014, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 15). Plaintiff contends that the Second Amended Complaint adequately alleges Plaintiff's entitlement to punitive damages, and "NASSCO is attempting to disguise a summary judgment motion as a Rule 12(b)(6) motion even before discovery has commenced." *Id.* at 5. Plaintiff requests that the Motion to Dismiss be denied, or, alternatively, that Plaintiff be granted leave to amend the Second Amended Complaint.

1       On July 14, 2014, NASSCO filed a reply brief. (ECF No. 18).

2 **II.    Standard of Review**

3       Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**III.    Discussion**

      Pursuant to California Civil Code § 3294, a plaintiff may recover punitive damages if the plaintiff proves that the defendant "has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "Malice" is defined as "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2).

"District courts in this circuit have disagreed over whether the pleading standards [of the Federal Rules of Civil Procedure] may be used to dismiss a prayer for punitive damages." *Hennighan v. Insphere Ins. Solutions, Inc.*, No. 13-CV-638-JST, 2013 WL 1758934, at *6 (N.D. Cal. Apr. 24, 2013) (citing cases and stating that "[t]his Court is not persuaded that *Twombly* and *Iqbal* apply to claims for punitive damages"). The Court does not decide the issue of whether federal pleading standards apply to a request for punitive damages, because even considering the allegations supporting the request for punitive damages under federal pleading standards, the Motion to Dismiss would be denied.

The Second Amended Complaint alleges that Plaintiff suffered permanently-disabling injuries when a pressurized hose and cam-lock flange failed and struck him in the head while he was working as a pipefitter aboard the USS San Diego. The Second Amended Complaint alleges that the incident was caused by the hose and cam-lock flange being pressurized in excess of their rated limits. The Second Amended Complaint alleges that NASSCO "knowingly caused and allowed the ... hose and cam-lock flange to be pressurized above their rated limits in conscious disregard of the safety of Plaintiff Jesus Garcia, therefore they are liable for punitive damages." (ECF No. 7 ¶ 16). Under the pleading standards of the Federal Rules of Civil Procedure, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Second Amended Complaint alleges sufficient facts to support a request for punitive damages against NASSCO pursuant to California Civil Code § 3294. The Motion to Dismiss is denied.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED. (ECF No. 8).

DATED: July 28, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge