# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GARCIA,<br><br>                    Plaintiff,<br>  vs.<br>UNITED STATES OF AMERICA; NATIONAL STEEL AND SHIPBUILDING COMPANY; and OILKLEEN, INC.,<br><br>                    Defendants. | CASE NO. 14cv1192-WQH-JLB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Amend Case Management Conference Order and Motion for Leave to File Third Amended Complaint (ECF No. 55) filed by Plaintiff Jesus Garcia.

## BACKGROUND

On May 12, 2014, Plaintiff Jesus Garcia initiated this action by filing a Complaint against Defendants United States of America, National Steel and Shipbuilding Company ("National Steel"), and Oilkleen, Inc. ("Oilkleen"). (ECF No. 1). On May 15, 2014, Plaintiff filed a First Amended Complaint as a matter of course against the same Defendants. (ECF No. 4). On May 27, 2014, Plaintiff filed a Second Amended Complaint (ECF No. 7) against the same Defendants after obtaining leave of Court (ECF No. 6).

On June 12, 2014, National Steel filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). On July 28, 2014, the Court issued an

1  Order denying National Steel's motion to dismiss. (ECF No. 20).

2       On October 31, 2014, the Magistrate Judge issued an Case Management
3  Conference Order Regulating Discovery and other Pretrial Proceedings. (ECF No. 39).
4  The case management order stated that "[a]ny motion to join other parties, to amend the
5  pleadings, or to file additional pleadings shall be filed on or before December 15,
6  2014." *Id*. at 1.

7       On February 23, 2015, Plaintiff filed the Motion for Leave to File Third
8  Amended Complaint. (ECF No. 50). On March 26, 2015, the Court issued an Order
9  denying Plaintiff's motion. (ECF No. 54). The Court's Order stated that "[i]n this case,
10  Plaintiff fails to show 'good cause' to modify the scheduling order. Fed. R. Civ. P.
11  16(b)(4). Defendant's motion failed to provide any reasoning for amending the
12  scheduling order or amending the Second Amended Complaint." *Id*. at 3.

13       On March 31, 2015, Plaintiff filed the Motion to Amend Case Management
14  Conference Order and Motion for Leave to File Third Amended Complaint. (ECF No.
15  55). On April 16, 2015, Defendant United States filed a response in opposition of
16  Plaintiff's motion. (ECF No. 59). Defendants Oilkleen and National Steel have not
17  filed responses to Plaintiff's motion. On April 22, 2014, Plaintiff filed a reply. (ECF
18  No. 62).

19  **CONTENTIONS OF PARTIES**

20       Plaintiff contends that good cause exists for the Court to amend the scheduling
21  order. Plaintiff contends that Defendant United States's initial disclosures, and
22  Defendant National Steel's Initial Critique Report both identified Janet Mahn as an
23  employee of PMS 117, a United States Navy organization. Plaintiff contends that he
24  therefore "erroneously believed that Janet Mahn was employed by Defendant United
25  States of America...." (ECF No. 55-2 at 2). Plaintiff contends that it was not until after
26  December 15, 2014, the deadline for amending the pleadings set by the case
27  management conference order (ECF No. 39), that Plaintiff learned that Janet Mahn was
28  employed by American Systems Corporation. Plaintiff contends that as soon as he

realized that Janet Mahn was employed by American Systems Corporation he filed a motion for leave to file a third amended complaint adding American Systems Corporation as a Defendant. Plaintiff contends that there was no undue delay on Plaintiff's part in moving to add American Systems Corporation to the case as soon as he became aware of its role in his accident.

Defendant United States contends that Plaintiff's motion fails to adhere to the requirements of the Court's Civil Chambers Rule VII. Defendant United States contends that Rule VII requires that any request to reschedule a case management order deadline must address the original date or deadline; the number of previous requests to reschedule; and whether rescheduling the date or deadline will affect other dates in the Case Management Conference Order. Defendant United States contends that Plaintiff only addressed the deadline to amend the complaint, requesting an extension until May 15, 2015, but did not address the impact on the remaining case management order dates if his motion is granted, specifically the expert report disclosure deadline, the discovery cut-off date, and the pre-trial and trial dates, all of which would be impacted by the proposed amendment.

If Plaintiff's motions are granted, Defendant United States requests that the corresponding continuances be made to both the expert report disclosure deadline and the discovery cut-off date.

**RULING OF THE COURT**

**I.    Motion to Amend Case Management Conference Order**

When, as here, a party moves to amend the pleadings after the deadline to amend pleadings has past, the party must first demonstrate "good cause" to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) and then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted). "Where ... the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).

In this case, Plaintiff states that he "erroneously believed that Janet Mahn was employed by Defendant United States of America" due to the initial disclosures of Defendant United States and the Initial Critique Report of Defendant National Steel which identified Janet Mahn as an employee of PMS 117. Furthermore, Plaintiff states that "as soon as plaintiff realized that Janet Mahn was employed by [American Systems Corporation] he filed a motion for leave to file a Third Amended Complaint adding [American Systems Corporation] as a defendant on February 23, 2015." (ECF No. 55-2 at 3). The Court finds that Plaintiff has shown "good cause" to modify the scheduling order. Fed. R. Civ. P. 16(b)(4).

**II.     Motion for Leave to File Third Amended Complaint**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not

all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion, and the filings of the parties, the Court concludes that Defendant United States has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Furthermore, Plaintiff's motion contains proofs of service indicating that all Defendants were served with the motion for leave to amend. (ECF No. 55-4). The motion and the Court's docket reflect that the hearing for the motion was noticed for May 4, 2015. Defendants Oilkeen and National Steel have not filed oppositions to the motion. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. L.R. 7.1(e)(2). "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."). S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). Defendants Oilkleen and National Steel do not oppose the motion. Plaintiff's Motion to Amend Case Management Conference Order and Motion for Leave to File Third Amended Complaint is granted.

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Case Management Conference Order and Motion for Leave to File Third Amended Complaint (ECF No. 55) is GRANTED. The Case Management Conference Order (ECF No. 39) is AMENDED to extend the deadline to file "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings" from December 15, 2014 to May 15, 2015. Plaintiff shall file the proposed Third Amended Complaint no later than May 15, 2015.

DATED: May 12, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge