UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GARCIA,<br><br>         Plaintiff,<br> vs.<br>UNITED STATES OF AMERICA; NATIONAL STEEL AND SHIPBUILDING COMPANY; and OILKLEEN, INC.,<br><br>         Defendants. | CASE NO. 14cv1192-WQH-JLB<br><br>ORDER |

HAYES, Judge:

  The matter before the Court is the Motion to Amend Case Management Conference Order and Motion for Leave to File Fourth Amended Complaint for Damages and Demand for Jury Trial (ECF No. 73) filed by Plaintiff Jesus Garcia.

**BACKGROUND**

  On May 12, 2014, Plaintiff Jesus Garcia initiated this action by filing a Complaint against Defendants United States of America, National Steel and Shipbuilding Company ("National Steel"), and Oilkleen, Inc. ("Oilkleen"). (ECF No. 1). On May 15, 2014, Plaintiff filed a First Amended Complaint as a matter of course against the same Defendants. (ECF No. 4). On May 27, 2014, Plaintiff filed a Second Amended Complaint (ECF No. 7) against the same Defendants after obtaining leave of Court (ECF No. 6).

  On June 12, 2014, National Steel filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). On July 28, 2014, the Court issued an

Order denying National Steel's motion to dismiss. (ECF No. 20).

On October 31, 2014, the Magistrate Judge issued a Case Management Conference Order Regulating Discovery and other Pretrial Proceedings. (ECF No. 39). The Case Management Conference Order stated that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before December 15, 2014." *Id*. at 1.

On February 23, 2015, Plaintiff filed a Motion for Leave to File Third Amended Complaint. (ECF No. 50). On March 26, 2015, the Court issued an Order denying Plaintiff's motion. (ECF No. 54). The Court's Order stated that "[i]n this case, Plaintiff fails to show 'good cause' to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). [Plaintiff's motion] failed to provide any reasoning for amending the scheduling order or amending the Second Amended Complaint." *Id*. at 3.

On March 31, 2015, Plaintiff filed a second Motion to Amend Case Management Conference Order and Motion for Leave to File Third Amended Complaint. (ECF No. 55). On May 12, 2015, the Court issued an Order granting Plaintiff's motion. (ECF No. 65). The Court's Order stated that:

> IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Case Management Conference Order and Motion for Leave to File Third Amended Complaint (ECF No. 55) is GRANTED. The Case Management Conference Order (ECF No. 39) is AMENDED to extend the deadline to file "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings" from December 15, 2014 to May 15, 2015. Plaintiff shall file the proposed Third Amended Complaint no later than May 15, 2015.

*Id*. at 6.

On June 10, 2015, Plaintiff filed the Motion to Amend Case Management Conference Order and Motion for Leave to File Fourth Amended Complaint for Damages and Demand for Jury Trial (ECF No. 73). Plaintiff's motion contains proofs of service indicating that all Defendants were served with the motion for leave to amend. (ECF No. 73-4). On June, 29, 2015, Defendant United States filed a non-opposition. (ECF No. 75). Defendants Oilkeen, National Steel, and American Systems Corporation have not filed oppositions to the motion.

# RULING OF THE COURT

## I. Motion to Amend Case Management Conference Order

Plaintiff seeks to amend the Case Management Conference Order to extend the deadline to amend the pleadings to July 31, 2015. Plaintiff contends that good cause exists for the Court to amend the scheduling order. Plaintiff seeks to amend the pleadings in order to add an agency claim with regard to Defendant American System Corporation and Janet Mahn. Plaintiff contends that agency with regard to Janet Mahn did not appear to be an issue until Defendant United States April 24, 2015 discovery responses. Plaintiff contends that he has promptly and diligently moved to amend.

When, as here, a party moves to amend the pleadings after the deadline to amend pleadings has past, the party must first demonstrate "good cause" to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) and then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted). "Where ... the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).

Defendant United States does not oppose Plaintiff's motion. Furthermore, Defendants Oilkeen, National Steel, and American Systems Corporation have not filed oppositions to the motion. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. L.R. 7.1(e)(2). "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."). S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). The Court finds that Plaintiff has shown "good cause" to modify the scheduling order because agency with regard to Janet Mahn did not appear to be an issue until Defendant United States April 24, 2015 discovery responses. Fed. R. Civ. P. 16(b)(4). Plaintiff's Motion to Amend Case Management Conference Order is granted.

## II. Motion for Leave to File Fourth Amended Complaint

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After considering the motion and Defendants' non-opposition, Plaintiff's Motion for Leave to File Fourth Amended Complaint is granted.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Case Management Conference Order and Motion for Leave to File Fourth Amended Complaint for Damages and Demand for Jury Trial (ECF No. 73) is GRANTED. The Case Management Conference Order (ECF No. 39) is AMENDED to extend the deadline to file "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings" from May 15, 2015 to July 31, 2015. Plaintiff shall file the proposed Fourth Amended Complaint no later than July 31, 2015.

DATED: July 22, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge